FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

SEP 14 AM 11: 49

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SHIRLEY BLACK, )
 )
    Plaintiff, )
 )
v. )
 )
MICHAEL J. ASTRUE,* ) CASE NO. CV406-78
Commissioner of Social )
Security, )
 )
    Defendant. )
 )

## O R D E R

After a careful <u>de novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

In her objections to the Report and Recommendation, Plaintiff asserts that there was a conflict between the testimony of the vocational expert and the Dictionary of Occupational Titles. She further contends that it was error for the Administrative Law Judge not to provide an

---

* Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Fed. R. Civ. P. 25(d)(1), he therefore should be automatically substituted for Jo Anne B. Barnhart as the defendant in this proceeding. No further action need be taken. 42 U.S.C. § 405(g).

explanation for the alleged conflict. With respect to this objection, the Court specifically concurs with the Magistrate Judge's finding that no such conflict existed.[1] Therefore, it is unnecessary for the Court to consider whether an explanation would have been required had there been a conflict.

SO ORDERED this 14th day of September, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Confusion regarding a potential conflict may have arisen because Plaintiff's left hand and arm are those for which she has limited mobility, whereas both the ALJ and the vocational expert proceeded upon the belief that the loss of mobility was in Plaintiff's right hand and arm. Therefore, when the vocational expert stated that Plaintiff could do "no more than occasional reaching and handling with the right arm," he was referring to Plaintiff's limited arm. He therefore found nothing to prevent Plaintiff from performing "frequent lifting and handling" with her other arm, as described by the Dictionary of Occupational Titles.